# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:14cv44

| | |
|---|---|
| BARBARA A. GROVES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM AND** |
| CAROLYN W. COLVIN, ) | **RECOMMENDATION** |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for social security disability insurance benefits. This case came before the Court on the administrative record and the parties' Motions for Summary Judgment [# 8 & # 10]. The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 10], **DENY** Plaintiff's Motion for Summary Judgment [# 8], and **AFFIRM** the Commissioner's decision.

### I.    Procedural History

Plaintiff filed an application for disability insurance benefits on October 12, 2011. (Transcript of Administrative Record ("T.") 129-32.) Plaintiff alleged an

onset date of December 8, 2010. (T. 129.) The Social Security Administration denied Plaintiff's claim. (T. 83-86.) Plaintiff requested reconsideration of the decision, which was also denied. (T. 87-89.) A disability hearing was then held before an Administrative Law Judge ("ALJ"). (T. 32-55.) The ALJ then issued a decision finding that Plaintiff was not disabled through the date of the decision. (T. 18-27.) Plaintiff requested review of the ALJ's decision, which was denied by the Appeals Council (T. 1-3). Plaintiff then brought this action seeking review of the Commissioner's decision.

**II.     Standard for Determining Disability**

An individual is disabled for purposes of receiving disability payments if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence: (1) whether a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits her ability to perform basic work-related

functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform her past relevant work; (5) whether the claimant is able to perform any other work considering her age, education, and residual functional capacity.  Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520.  If at any stage of the inquiry, the Commissioner determines that the claimant is or is not disabled, the inquiry is halted.  20 C.F.R. §§ 404.1520(a) and 416.920(a).

**III.   The ALJ's Decision**

In his January 9, 2013, decision the ALJ found that Plaintiff was not disabled under Sections 216(i) and 223(d) of the Social Security Act.  (T. 26.)  The ALJ made the following specific findings:

(1) The claimant meets the insured status requirements of the Social Security Act through December 31, 2015.

(2) The claimant has not engaged in substantial gainful activity since December 8, 2010, the alleged onset date (20 CFR 404.1571 *et seq.*).

(3) The claimant has the following severe impairment: spinal arthrosis and fibromyalgia (20 CFR 404.1520(c)).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 4041526).

(5) After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except: she cannot carry more than 11 pounds and has to carry zero to 10 pounds up to 30 minutes a day.

(6) The claimant is capable of performing past relevant work as a printer operator. This work does not require the performance of work related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

(7) The claimant has not been under a disability, as defined in the Social Security Act, from December 8, 2010, through the date of this decision (20 CFR 404.1520(f)).

(T. 20-26.)

**IV. Standard of Review**

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). It is more than a scintilla but less than a preponderance

of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that she is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

V. Analysis[1]

A. **The ALJ's Residual Functional Capacity Determination is Supported by Substantial Evidence in the Record**

Residual functional capacity is an administrative assessment made by the Commissioner as to what a claimant can still do despite his or her physical or mental limitations. SSR 96-8p, 1996 WL 374184 (Jul. 2, 1996); 20 C.F.R. §§ 404.1546(c); 404.946(c). In assessing a claimant's residual functional capacity, the ALJ will consider all of the claimant's medically determinable impairments, including those that are not severe. 20 C.F.R. § 404.1545(a)(2). The residual capacity assessment is based on the all the relevant medical and other evidence in the record. 20 C.F.R. § 404.1545(a)(3). In determining a claimant's residual

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

functional capacity, the ALJ must identify the claimant's functional limitations or restrictions and assess the claimant's work-related abilities on a function-by-function basis. SSR 96-8p. The ALJ's assessment must include a narrative discussion detailing how the evidence in the record supports his or her conclusion. SSR 96-9p.

The ALJ found that Plaintiff had the RFC "to perform medium work as defined in 20 CFR 404.1567(c) except: she cannot carry more than 11 pounds and has to carry zero to 10 pounds up to 30 minutes a day." (T. 22.) Plaintiff contends that the ALJ's RFC is internally inconsistent and contradicts the relevant regulations because the regulations define medium work as involving "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighting up to 25 pounds." 20 C.F.R. § 404.1567(c). Plaintiff's argument is without merit.

The ALJ determined that Plaintiff could do less than the full range of medium work. (T. 22.) As a result, the ALJ placed limitations on the physical exertion requirement for medium work in his RFC. (T. 22.) ALJs regularly determine that a claimant can do less than the full range of an exertion level and incorporate the additional limitations into their RFC determination. See e.g. Yarborough v. Colvin, No. 1:13-CV-00180-MR, 2014 WL 4700684 (W.D.N.C.

Sept. 22, 2014) (ALJ found that claimant could perform less than the full range of medium work); Dagenhart v. Colvin, No. 5:13-CV-76-GCM, 2014 WL 4572429 (W.D.N.C. Sept. 18, 2014) (Mullen, J.) (ALJ found that claimant was capable of performing less than the full range of light work); McCoy v. Colvin, Civil No. 1:12-cv-00159-MR-DLH, 2014 WL 221103 (W.D.N.C. Jan. 21, 2014) (Reidinger, J.) (ALJ found that claimant was capable of performing less than the full range of sedentary work); Adams v. Astrue, No. 1:11cv336, 2013 WL 609859 (W.D.N.C. Jan. 28, 2013) (Howell, Mag. J.) (ALJ found that claimant was capable of performing less than the full range of medium work); James v. Astrue, Civil Action No. 3:11-635-CMC-JRM, 2012 WL 3877695 (D.S.C. Aug. 16, 2012) (ALJ found that claimant was capable of performing less than the full range of medium work, including lifting only 20 pounds frequently). While the additional limitations to medium work imposed by the ALJ in this case would reduce the number of medium work jobs available in the national economy that Plaintiff could perform, the limitations are not internally inconsistent or in contradiction to the regulations. An ALJ may use one of the listed exertion levels as his or her starting point for a RFC determination and then place additional limitations as required by the evidence in the record. In fact, Plaintiff has failed to cite this Court to a single case citation supporting her legal argument that the ALJ erred by assigning Plaintiff an

RFC of less than the full range of medium work.

Plaintiff's argument that the ALJ erred by failing to comply with Social Security Ruling 96-8p and conducting a function-by-function analysis is equally without merit. The ALJ's decision contains a thorough discussion of the medical evidence and other evidence in the record upon which the ALJ relied in making his RFC determination. (T. 22-26.) To argue, as Plaintiff does in her brief, that the ALJ summarily concluded that Plaintiff was capable of a less than full range of medium work is contradicted by the plain record.

Although Plaintiff contends that the ALJ erred by failing to conduct a function-by-function analysis, Plaintiff fails to point to any evidence supporting additional limitations or functions that the ALJ should have accessed. This Court will not require that the ALJ undertake a function-by-function assessment of irrelevant limitations that would have no impact on the RFC determination. Remand is not required simply because an ALJ did not perform a formal or explicit function-by-function analysis. Cichocki v. Astrue, 729 F.3d 172, 176-77 (2nd Cir. 2013) (collecting cases and holding that remand is not required where the ALJ's decision does not include an explicit function-by-function analysis); see also Weaver v. Astrue, Civil No. 3:10-CV-00568-GCM-DCK, 2011 WL 4596122, at *10-12 (W.D.N.C. Aug. 10, 2011) (Keesler, Mag. J.) (rejecting the argument

advanced by counsel in this case that the ALJ must always engage in a formal function-by-function analysis even when the complete analysis would not contribute anything relevant to the RFC determination).

      Finally, the ALJ's RFC is supported by substantial evidence in the record. In reaching his RFC determination, the ALJ relied on the opinion of one of Plaintiff's treating physicians who opined that Plaintiff could lift ten pounds frequently and eleven to twenty-five pounds up to three hours a day. (T. 337.) Plaintiff's treating physician also opined that Plaintiff could lift twenty-six to fifty pounds for up to thirty minutes a day. (Id.) Plaintiff incorporated these restrictions into his RFC. (T. 22-26.) In addition, the ALJ relied on other medical evidence in the record, including that Plaintiff was getting nearly complete pain relief from her treatment. (T. 397.) Because the ALJ applied the correct legal standard in making Plaintiff's RFC determination and the RFC is supported by substantial evidence in the record, remand is not required in this case. The Court **RECOMMENDS** that the District Court **DENY** Plaintiff's motion [# 8] and **GRANT** the Commissioner's motion [# 10].

## VI. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 10], **DENY** Plaintiff's Motion for Summary Judgment [# 8], and **AFFIRM** the Commissioner's decision.

Signed: December 16, 2014

Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).