UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00044-MOC-DLH

| | | |
|---|---|---|
| **BARBARA A. GROVES,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **CAROLYN W. COLVIN,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed within the time allowed.

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face

1

require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

Plaintiff has timely filed objections, and the Commissioner has failed to file a response within the time allowed by Rule 72(b), Federal Rules of Civil Procedure. This is problematic for the court as the Objections contain a number of substantive attacks on the M&R which have been left undefended to by the Commissioner. By way of example, plaintiff makes the following argument:

> First, the M&R says that the Plaintiff did not point to any evidence supporting additional limitations. (M&R page 8) That is not correct. The Plaintiff in her brief points out the ALJ did not discuss that Dr. VanDerNoord notes in his records that Groves told him the job description he had was not accurate. (Pl. Brief page 7) The Plaintiff in her brief also pointed out that as recently as just prior to the hearing before the ALJ, Groves was still requiring treatment from a pain management specialist. (Pl. Brief page 8) The Plaintiff also identified medical evidence not discussed by the ALJ that Groves required an increase in her pain mediation and trigger point injections in further attempts to manage her pain. (Pl. Brief page 8).
> Next, the M&R as another basis for finding the ALJ's determination proper states the ALJ gave significant weight to and incorporated the opinions of Groves' workers' compensation doctor (Dr. VanDerNoord) in to the RFC. (M&R page 9) But, as noted above, the ALJ did not discuss portions of the workers' compensation doctor's records that he said he gave significant weight that would indicate that further limitations may be required.
> ***

Objections (14) at 4. These are very specific contentions as required by Rule 72(b)(2).[1] With no response to these and other very specific objections, this court is ill-equipped to conduct the *de novo* review required under 28 U.S.C. § 636(b)(1)(C), which is adversarial.

Faced with unopposed, specific objections to the conclusions contained in the Memorandum and Recommendation, the court has little choice but to remand this matter to the Commissioner for further proceedings. Based on such unopposed Objections, it appears that the ALJ's final decision failed to either take into consideration or explain why all of the limitations identified by accepted medical sources were not accounted for in formulating claimant's RFC. 20 CFR §§ 404.1545(e), 416.945(e); SSR 96-8p, SSR 96-5p. Plaintiff has persuasively argued that such method of evaluation does not give fair consideration to the impairments of the claimant as it fails to provide the claimant or this reviewing court with any insight into why the ALJ accepted some findings, but rejected others, from the same source. For that reason, this matter will be remanded. Upon remand, the ALJ shall obtain all pertinent medical records and conduct a new hearing, evaluate and weigh all medical treatment records and opinions pursuant to 20 CFR § 404.1527(c); evaluate claimant's residual functional capacity; articulate his reasoning for the weight given to all medical treatment records, medical opinions, and claimant's residual functional capacity; and then issue a new decision.

Similarly, it is not fair to Judge Howell and is a misuse of the limited resources of

---

[1] While plaintiff starts out her objections with the statement that "[t]he grounds for the Plaintiff's objection appear in the Plaintiff's Memorandum filed in support of her Motion for Summary Judgment with additional grounds stated below," review of the Objections reveal that they are "specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). .

this district to have his excellent work product go undefended in what should be an adversarial process. Indeed, had the Commissioner responded and pointed out why she believed the plaintiff's assertions of error were wrong, the court is quite sure it may have had some very good reasons to fully affirm Judge Howell.

\*\*\*

Inasmuch as this is the second such occurrence in as many months, see Rowe v. Colvin, 3:13cv573, the court will send a copy of this Order to the United States Attorney as there appears to be a gap between the expectations of this court and the understanding of the SAUSAs appearing before it. The Commissioner is advised that based on such occurrences the undersigned is considering switching over to the review method implemented by Hon. David A. Sanders in the North District of Mississippi, which would eliminate the M&R process, but provide for hearings in every case drawn for the undersigned.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the plaintiff's Objections (#14) are **SUSTAINED**, the Memorandum and Recommendation (#13) is not affirmed, the Commissioner's Motion for Summary Judgment (#10) is **DENIED**, plaintiff's Motion for Summary Judgment (#8) is **GRANTED**, and this matter is **REMANDED** to the Commissioner for further proceedings consistent with this Order.

The Clerk of Court is instructed to send a courtesy copy of this Order to the United States Attorney, attention Paul Taylor, Civil Chief.

Signed: February 3, 2015

Max O. Cogburn Jr.
United States District Judge