# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:14cv44

| | |
|---|---|
| **BARBARA A. GROVES,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| **CAROLYN W. COLVIN,** | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

Pending before the Court is the Motion for Attorney Fees [# 17]. Plaintiff moves the Court to award attorney fees paid by the Commissioner of Social Security ("Commissioner") pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). Upon a review of the record, Plaintiff's motion, and the relevant legal authority, the Court **DENIES** the motion [# 17].

**I.     Analysis**

Pursuant to the Equal Access to Justice Act, a court shall award fees and other expenses to a prevailing party, other than the United States, unless the court determines that the position of the United States "was substantially justified or special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The position of the Commissioner is substantially justified if the position is justified to

-1-

such a degree that it could satisfy a reasonable person. Meyer v. Colvin, 754 F.3d 251, 255 (4th Cir. 2014). The Commissioner need not prevail in the case for the Court to find that her position was substantially justified. Id. Rather, the Commissioner need only demonstrate that a reasonable person could have thought that the litigation position of the Commissioner was correct. Id. In making the determination whether the Commissioner's position was substantially justified, the Court looks to the totality of the circumstances. Id.

Here, the Court finds that the position of the Commissioner was substantially justified. In fact, the Court finds that the position taken by the Commissioner in these proceedings was not only substantially justified but correct. As the Court explained in its December 16, 2014, Memorandum and Recommendation, it is opinion of this Court that the Commissioner should have prevailed in these proceedings. In fact, this Court would have affirmed the decision of the Commissioner in this case. Thus, for the reasons stated in the Court's Memorandum and Recommendation and the Commissioner's Motion for Summary Judgment, the Court finds that the Commissioner's position was substantially justified, and no award of fees is warranted in this case.

The fact that the District Court rejected the Court's Memorandum and Recommendation and remanded this case does not change the fact that the

Commissioner's position was substantially justified. The District Court found that remand was required because the Commissioner failed to respond to the objections to the Memorandum and Recommendation. (Order, Feb. 4, 2015, 2-3.) This Court will not award fees against the Commissioner simply because the Commissioner did not respond to Plaintiff's objections to the Memorandum and Recommendation. Because the position of the Commissioner was substantially justified, the Court **DENIES** the Motion for Attorney Fees. [# 17].

II. **Conclusion**

The Court **DENIES** the Motion for Attorney Fees [# 17].

Signed: June 10, 2015

Dennis L. Howell
United States Magistrate Judge