UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00044-MOC-DLH

| | | |
|---|---|---|
| **BARBARA A. GROVES,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **CAROLYN W. COLVIN,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on review of an Order (#20) issued in this matter by the magistrate judge, denying plaintiff's request for attorney's fees under EAJA even though the Commissioner failed to respond to that motion.

In the Order, the magistrate judge denied plaintiff's unopposed Motion for Attorney's Fees (#17) under EAJA. In pertinent part, the magistrate judge found, as follows:

> The fact that the District Court rejected the Court's Memorandum and Recommendation and remanded this case does not change the fact that the Commissioner's position was substantially justified. The District Court found that remand was required because the Commissioner failed to respond to the objections to the Memorandum and Recommendation. (Order, Feb. 4, 2015, 2-3.) This Court will not award fees against the Commissioner simply because the Commissioner did not respond to Plaintiff's objections to the Memorandum and Recommendation. Because the position of the Commissioner was substantially justified, the Court DENIES the Motion for Attorney Fees. [# 17].

Order (#20) at 2-3. After the magistrate judge entered his Order, plaintiff filed objections within the time provided under Rule 72, Federal Rules of Civil Procedure. Thereinafter, the magistrate judge entered a *sua sponte* Order requiring the Commissioner to file a

1

response to the plaintiff's Objections.  Within the time allowed, the Commissioner filed her response. For the reasons that follow, the magistrate judge's Order is both clearly erroneous as it is premised on a misreading of this court's Order and is contrary to law as, by the time the magistrate judge entered his Order, the Commissioner had not satisfied her burden of proving substantial justification by even *opposing* the plaintiff's fee petition.

The district court has authority to assign non-dispositive pretrial matters pending before the court to a magistrate judge to "hear and determine." 28 U.S.C. § 636(b)(1)(A). When reviewing an objection to a magistrate judge's Order on a non-dispositive matter, the district court must set aside or modify any portion of that order which is clearly erroneous or contrary to law.  Fed.R.Civ.P. 72(a).  To show that a magistrate judge's Order is contrary to law, the objecting party must show that the magistrate judge failed to apply or misapplied statutes, case law, or procedural rules.  See Catskill Dev. LLC v. Park Place Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y.2002).

First, the court finds the Order to be clearly erroneous.  While it is certainly true that the Commissioner failed to respond to the objections posed by plaintiff to the magistrate judge's M&R recommending affirmance of the Commissioner's final decision, this court did not reject the M&R "simply because the Commissioner did not respond to Plaintiff's objections" as the magistrate judge mistakenly concluded. Id.  Rather, this court specifically held, as follows:

> Plaintiff has persuasively argued that such method of evaluation does not give fair consideration to the impairments of the claimant as it fails to provide the claimant or this reviewing court with any insight into why the ALJ accepted some findings, but rejected others, from the same source. For that reason, this matter will be remanded.

Order (#15) at 3 (emphasis added).  While the Commissioner certainly forfeited her opportunity to counter plaintiff's Objections to the M&R by failing to respond, this court specifically found that plaintiff had provided this court with persuasive arguments that the methodology applied by the ALJ was insufficient.  While the Commissioner's failure to respond certainly contributed to remand, it is not fair to conclude that this court remanded the case "simply because" of that misstep.  Thus, the basis for the magistrate judge's denial of the EAJA petition is "clearly erroneous" as that term is used in Rule 72.

 Second, the Order is contrary to well-settled law. EAJA authorizes the payment of attorneys' fees to a prevailing party in an action against the United States, unless *the government shows* that its position in the underlying litigation "was substantially justified." 28 U.S.C. § 2412(d)(1)(A). While EAJA creates a presumption that fees will be awarded to a prevailing party, Congress did not intend fee shifting to be mandatory. <u>Flores v. Shalala</u>, 49 F.3d 562, 567 (9th Cir.1995). The decision to deny EAJA attorney's fees is ultimately within the sound discretion of the district court. <u>Id.</u> A social security claimant is the "prevailing party" following a sentence-four remand pursuant to 42 U.S.C. § 405(g) either for further administrative proceedings or for the payment of benefits. <u>Flores</u>, 49 F.3d at 567–68 (citation omitted).  Plaintiff was the prevailing party as she received a sentence-four remand for further proceedings.

 While plaintiff must show that she was a "prevailing party," the Commissioner carries the burden of demonstrating that her position was "substantially justified."  In finding that the Commissioner's position was substantially justified, the magistrate judge held:

> Here, the Court finds that the position of the Commissioner was substantially justified. In fact, the Court finds that the position taken by the Commissioner in these proceedings was not only substantially justified but correct. As the Court explained in its December 16, 2014, Memorandum and Recommendation, it is [the] opinion of this Court that the Commissioner should have prevailed in these proceedings. In fact, this Court would have affirmed the decision of the Commissioner in this case. Thus, for the reasons stated in the Court's Memorandum and Recommendation and the Commissioner's Motion for Summary Judgment, the Court finds that the Commissioner's position was substantially justified, and no award of fees is warranted in this case.

Order (#20) at 2.

First, it is the Commissioner's burden -- not the burden of the plaintiff and not of this court -- of proving that its positions were substantially justified as "[t]he government has the burden of proving its positions were substantially justified." Hardisty v. Astrue, 592 F.3d 1072, 1076 n. 2 (9th Cir. 2010). In determining whether the government's position was substantially justified, the court applies a reasonableness standard. Flores, 49 F.3d at 569. The government must demonstrate that its position had a reasonable basis in both law and fact, Flores, 49 F.3d at 569–70, and that standard is met if the government's position is "justified in substance or in the main" or "to a degree that could satisfy a reasonable person." Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir.2001) (citation and corresponding quotation marks omitted). When it elects to challenge an application for an award, the government must justify both the original agency action and its litigation position. Gutierrez, 274 F.3d at 1259. Here, the government did not "elect to challenge" plaintiff's motion as it filed no response to the petition. Having not sustained its burden under EAJA, the only matter in controversy before this court was the amount of the fee award.

Even if the Commissioner had elected to challenge the request for fees under EAJA, the question of substantial justification cannot be disposed of by determining who was or was not a prevailing party. In Pierce v. Underwood, 487 U.S. 552, 569 (1988), the Supreme Court held that "[c]onceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose." While the magistrate judge recommended that the Commissioner be affirmed, where *this* court ultimately reverses the final decision of the Commissioner and that determination is, as here, not further appealed, that final determination serves as a strong indicator that the government's position was not substantially justified. Thangaraja v. Gonzales, 428 F.3d 870, 874 (9th Cir. 2005) (holding that "it will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record") (internal quotations omitted). Thus, whether the government prevails on the underlying issues or even should have prevailed, as the magistrate judge believes, is not dispositive of the issue of whether the government's position was "substantially justified." Pierce, supra.

In her Response to plaintiff's Objections, the Commissioner has for the first time opposed plaintiff's motion for fees. The government contends that because the Commissioner successfully persuaded the magistrate judge to recommend affirmance of her final decision, the Commissioner's position is substantially justified, giving little weight to this court's determination that plaintiff had "persuasively argued that such method of evaluation does not give fair consideration to the impairments of the claimant

5

as it fails to provide the claimant or this reviewing court with any insight into why the ALJ accepted some findings, but rejected others, from the same source." The Commissioner instead focuses on its failure to respond to those objections as the "but-for" reason for remand.

Setting aside the fact that such opposition is not timely, the court has carefully considered the argument that because the Commissioner was successful before the magistrate judge, plaintiff is foreclosed from an award of EAJA fees, and the argument that but for the Commissioner's failure to respond to the initial objections, the magistrate judge's M&R would have been affirmed. While the court appreciates the logic of the Commissioner's arguments, they too are premised on too narrow a view of this court's Order of remand. While the Commissioner may well have been able to overcome the persuasive arguments plaintiff made in support of her objections, the fact of the matter is that the Commissioner forfeited that opportunity by leaving those arguments unanswered. The M&R process is a valuable one, but is also one that is adversarial for the litigants. Where an objection contains a persuasive argument, that argument needs to be countered as the adversarial process looks to the opponent to deliver the counterpunch, not the referee. The fact that the magistrate judge issued a favorable recommendation is a factor that must be considered in a totality of the circumstances review under EAJA. It carries no more and no less weigh than a favorable decision issued by this court which is later reversed by the Court of Appeals. As discussed above in context of the applicable standard for consideration of fee awards under EAJA, Congress has vested a great deal of discretion in the district court in determining EAJA applications. While the court will agree that a

6

favorable recommendation supports the Commissioner in showing that her position was substantially justified, the court cannot find such a recommendation *per force* forecloses consideration of an EAJA application. To hold otherwise would require an implicit delegation of non-delegable discretion to magistrate judges under EAJA. In a totality of the circumstances test, the court considers a favorable M&R as strong evidence supporting the government's defense of its position. It is not, however, a preclusive factor.

With those considerations in mind, the court has considered the totality of the circumstances in determining whether the government was substantially justified in defending the final decision of the Commissioner. Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir.1993). The favorable recommendation of the magistrate judge is a strong factor supporting the Commissioner. This court's rejection of that recommendation in light of plaintiff's unopposed Objection diminishes the weight afforded such factor as the court found such objection contained persuasive arguments. In United States v. Granby LLC, 736 F.3d 309 (4th Cir. 2013), the Court of Appeals made it clear that courts are to look beyond the issue on which a claimant ultimately prevailed and determine whether the government acted reasonably in causing the litigation or in taking a stance during the litigation. Id. at 315. The Granby court held that even unreasonable pre-litigation positions "will generally lead to an award of attorney's fees under the EAJA." Id. at 317.

The court has carefully considered the positions taken by the Commissioner in determining whether this litigation was substantially justified. 28 U.S.C. § 2412(d)(1)(A). This consideration includes positions taken by the Commissioner administratively, before

7

the magistrate judge, and before this court on *de novo* review once objections were filed. 28 U.S.C. § 2412(d)(2)(C). Here, the Commissioner failed to counter persuasive arguments advanced by plaintiff in her objections to the M&R, which the court considered to be a concession of those arguments. At the time of remand, the position of the Commissioner was unreasonable. In addition, by the time the magistrate judge took up plaintiff's motion for fees, the Commissioner had failed to satisfy her burden of showing that her position was substantially justified as she failed to file any response, making that petition unopposed. Any weight that could be afforded the Commissioner's substantial justification argument is diminished as it comes for the first time well after the time for filing a response to plaintiff's motion. While that position is not without some weight, under a totality of the circumstances, the balance tips in favor of finding that the Commissioner's position both administratively and before this court was not reasonable.

***

Having carefully considered the request, the court finds that plaintiff was the prevailing party within the meaning of the EAJA, that defendant's position was not substantially justified, and that there are no other special circumstances that would make a fee award unjust. 28 U.S.C. § 2412(d)(1)(A).

Finally, review of the application for fees reveals that it is a reasonable fee consistent with the requirements of EAJA, that it is supported by a *Loadstar* exhibit detailing the time spent on counsel's prosecution of this action, and that the hourly rate, while greater than the EAJA rate, is reasonable based on increases in the cost of living since the statutory rate

was determined, the limited availability of qualified attorneys for this type of case, and the skill of this attorney, all of which justifies the higher fee. 28 U.S.C. § 2412(d)(2)(A).

As the challenge presented focused on substantial justification rather than the amount of the fee, the government is granted leave to file a motion to reconsider the actual amount of the award if it believes the amount of the award is inconsistent with 28 U.S.C. § 2412(d)(2)(A). That motion shall not be referred to the magistrate judge.

**ORDER**

**IT IS, THEREFORE, ORDERED** that after considering the plaintiff's Objections, the Order of the magistrate judge is VACATED as clearly erroneous and contrary to law, and plaintiff's Motion for Fees Under EAJA (#17) is **ALLOWED**, and a fee of award of $6,077.19 is granted. The government shall pay attorney's fees in the amount of $6,077.19 in full satisfaction of any and all attorney's fee claims plaintiff may have in this case under EAJA. Pursuant to the United States Supreme Court's ruling in Astrue v. Ratliff, 130 S. Ct. 2521 (2010), these attorneys' fees are payable to plaintiff as the prevailing party, and are subject to offset through the Treasury Department's Offset Program to satisfy any pre-existing debt plaintiff may owe to the government. If, subsequent to the entry of the Court's EAJA Order, the Commissioner determines that Plaintiff owes no debt to the government that would subject this award of attorney fees to offset, the Commissioner may honor plaintiff's signed assignment of EAJA fees providing for payment of the subject fees to plaintiff's counsel, rather than to plaintiff. If, however, the Commissioner discovers that plaintiff owes the government any debt subject to offset, the Commissioner shall pay any

attorney fees remaining after such offset to plaintiff, rather than to counsel.

Signed: July 7, 2015

Max O. Cogburn Jr
United States District Judge